**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUHAMMAD ASIF SHERA and ANALYN RAMOS SHERA, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70877 <br><br> Agency Nos.    A089-719-904 <br>                 A078-113-403 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2016[**]
San Francisco, California

Before: TROTT, IKUTA, and WATFORD, Circuit Judges.

**1.** The Immigration Judge found Muhammad Asif Shera's testimony in support of his application for asylum and withholding of removal not credible. The Board of Immigration Appeals (BIA) upheld that finding, and substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence supports the BIA's determination. The BIA permissibly relied on the fact that Shera said he fled Pakistan because he was being persecuted by members of a political group, the Muttahida Quami Mahaz (MQM-A), but then returned to Pakistan on at least four occasions. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008). The BIA also permissibly found that a police report Shera submitted as evidence of alleged persecution in fact undermined his claim that, during one of these trips, MQM-A members with guns attacked him on the street. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007). Shera did not present evidence from family members to corroborate his testimony, despite the fact that they lived nearby and thus were presumably available to testify. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Without credible testimony, Shera has failed to establish that he is eligible for asylum or withholding. *See Jie Cui v. Holder*, 712 F.3d 1332, 1337–38 (9th Cir. 2013). We therefore need not address the other grounds upon which the BIA denied relief.

**2.** Substantial evidence also supports the BIA's determination that Shera is not eligible for relief under the Convention Against Torture (CAT). In light of the BIA's adverse credibility determination, Shera failed to show that any past persecution he may have suffered rose to the level of torture or that such conduct was perpetrated by or with the acquiescence of the Pakistani government. *See*

*Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

**3.** The BIA did not abuse its discretion by denying Shera's motion to remand. Although Shera alleged that his prior counsel's ineffective assistance resulted in the denial of his application, he did not comply with the procedural requirements for bringing that claim. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Nor was prior counsel's alleged ineffectiveness plain on the face of the record. *See Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525–26 (9th Cir. 2000). In addition, the BIA properly determined that any changes in country conditions did not warrant remand, as they did not relate to Shera's claim that he would be persecuted by the MQM-A or establish *prima facie* eligibility for CAT relief.

**PETITION DENIED.**